## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, )
| )
| Plaintiff, )
| )
| v. ) Civil Action No.
| ) _____
| WINCHANCE SOLAR FUJIAN TECHNOLOGY )
|       CO. LTD. )
| TARGET CORPORATION, )
| CREATIVE INDUSTRIES LLC, )
| ARRETT SALES CORPORATION, )
| DO IT BEST CORP., )
| DO IT BEST COMMERCE COMPANY, LLC, )
| HAYNEEDLE, INC., )
| OUTSOURCING IN ASIA LLC, )
| SMARTHOME, INC., )
| SMARTLABS, INC., and )
| BED BATH & BEYOND INC., )
| )
| Defendants. )

_____)

## COMPLAINT AND JURY DEMAND

Lawrence C. Hersh                           Of Counsel
Attorney at Law                   Theodore F. Shiells
17 Sylvan Street                  Texas State Bar No. 00796087
Suite 102B                        Shiells Law Firm P.C.
Rutherford, New Jersey  07070     Dallas, Texas 75202
Tel:  (201) 507-6300              Tel: (214) 979-7312
Fax: (201) 507-6311               Fax: (214) 979-7301
lh@hershlegal.com                 tfshiells@shiellslaw.com
Attorneys for Plaintiff
Simon Nicholas Richmond

## COMPLAINT AND JURY DEMAND

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his claims against Defendants Winchance Solar Fujian Technology Col. Ltd., Target Corporation, Creative Industries LLC, Arrett Sales Corporation, Do it Best Corp., Do it Best Commerce Company, LLC, Hayneedle, Inc., Outsourcing in Asia LLC, Smarthome, Inc., SmartLabs, Inc. and Bed Bath & Beyond Inc.,  (collectively, "Defendants") makes and files this Complaint and alleges as follows:

### 1.    THE PARTIES

**A.    Plaintiff Richmond.**

1.    Plaintiff Richmond is an individual and resident of New Jersey.

**B.    Defendants.**

2.    Winchance Solar Fujian Technology Col. Ltd. (Winchance) is a corporation organized and existing under the laws of China, having a principal place of business at Jiangnan New Hi-Tech Electronic Information Industrial Park, Quanzhou, Fujian, China.  Winchance may be served pursuant to the Hague convention.

3.    Target Corporation (Target) is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at

1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target may be served

through its agent for service of process, CT Corporation System, 500 East Court

Avenue, Des Moines, IA 50309.

4.    Creative Industries LLC (Creative Industries Texas) is a corporation

organized and existing under the laws of the State of Texas, having a principal

place of business at 140 Old San Antonio Rd., Boerne, TX 78006-3413. Creative

Industries may be served through its agent for service of process, Pete Sifuentez,

16205 San Pedro, San Antonio, TX 7823.

5.    Creative Industries, Inc. (Creative Industries China) is a corporation

organized and existing under the laws of China, having a principal place of

business at Room 3A03 South Tower, Jin Bin Dragonfly Building, No.49 Hua Xia

Road, Zhu Jiang New City, Tian He District, Guangzhou, GD province, 510623,

China. Creative Industries China may be served pursuant to the Hague

Convention.

6.    Upon information and belief, Creative Industries Texas and Creative

Industries China are alter egos of each other and/or are so closely related to one

another that they are jointly and severally liable and may be considered the same

company for purposes of this Complaint.

7.    For purposes of this Complaint, Creative Industries Texas and

Creative Industries China shall be collectively referred to as "Creative Industries."

8.     Arrett Sales Corporation (Arrett) is a corporation having a principal place of business at 9285 Commerce Highway, Pennsauken, NJ 08110.  Arrett may be served by service on its managing agent at its principal place of business.

9.     Do it Best Commerce Company, LLC (Do it Best Commerce) is a limited liability company organized and existing under the laws of the State of Indiana, having a principal place of business at 6502 Nelson Rd., P.O. Box 868, Fort Wayne, Indiana 46801.  Do it Best Commerce may be served through its agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1029 Orange St., Wilmington DE  19801.

10.     Do it Best Corp. (Do it Best Corp.), is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6502 Nelson Rd., P.O. Box 868, Fort Wayne, Indiana 46801.  Do it Best Corp. may be served through its agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1029 Orange St., Wilmington DE 19801.

11.     Upon information and belief, Do it Best Commerce and Do it Best Corp. are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for

4

purposes of this Complaint.

12.   For purposes of this Complaint, Do it Best Commerce and Do it Best Corp. shall be collectively referred to as "Do it Best."

13.   Hayneedle, Inc. (Hayneedle) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9394 West Dodge Road No. 300, Omaha, Nebraska 68114-3319. Hayneedle may be served through its agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1029 Orange St., Wilmington DE 19801.

14.   Outsourcing in Asia LLC (Outsourcing) is a limited liability company organized and existing under the laws of the State of Colorado, having a principal place of business at 344 Shawnee Ln, Superior CO 80027. Outsourcing may be served through its agent for service of process, Min Lily Zhu, 344 Shawnee Ln, Superior CO 80027.

15.   Bed Bath & Beyond Inc. (BBB) is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 650 Liberty Avenue, Union, New Jersey. BBB may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

16.   SmartHome, Inc. (Smarthome, Inc.) is a corporation organized and

existing under the laws of the State of California, having a principal place of business at 16542 Millikan Ave., Irvine, CA 92606.  Smarthome, Inc. may be served through its agent for service of process, Legalzoom.com, Inc., 100 W Broadway, Suite 100, Glendale, CA  91203.

17.    SmartLabs, Inc. (Smarthome, Inc.) is a corporation organized and existing under the laws of the State of California, having a principal place of business at 100 W Broadway, Suite 100, Glendale, CA  91203.  SmartLabs, Inc. (SmartLabs, Inc.) may be served through its agent for service of process, Legalzoom.com, Inc., 100 W Broadway, Suite 100, Glendale, CA  91203.

18.    Upon information and belief, Smarthome, Inc. and SmartLabs, Inc. are alter egos of each other and/or are so closely related to one another that they are jointly and severally liable and may be considered the same company for purposes of this Complaint.

19.    For purposes of this Complaint, Smarthome, Inc. and SmartLabs, Inc. shall be collectively referred to as "SmartHome."

## 2.    SUBJECT MATTER JURISDICTION

20.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

### 3.    PERSONAL JURISDICTION AND VENUE

**A.    General.**

21.    Personal jurisdiction over each of the Defendants is proper pursuant to New Jersey Long-Arm Statute, J.J. CT. R. 4:4-4 and principles of due process.

22.    The United States Defendants all have sufficient minimum contacts with New Jersey and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

23.    The foreign Defendants have sufficient minimum contacts with the United States and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

**B.    Specific Jurisdiction.**

**1.    United States Defendants.**

24.    Personal jurisdiction over all United States Defendants is proper under principles of specific jurisdiction.  Upon information and belief, all United States Defendants have transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, have committed infringement in this state and district by importing, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to one or more customers in this state and district, and/or by exposing for sale, offering for

sale and/or selling such infringing goods to New Jersey residents, including by means of a commercially interactive website targeting New Jersey. Further, each Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and this district, a result that was reasonably foreseeable to each United States Defendant at the time each committed its misconduct.

### 2.    Foreign Defendants.

25.    Personal jurisdiction over all foreign Defendants is proper under principles of specific jurisdiction. Upon information and belief, each foreign Defendant has transacted and solicited business in the United States related to the subject matter of the claims alleged herein and, upon information and belief, has committed acts of direct infringement in the United States and/or has knowingly induced others to do so. Upon information and belief, all foreign Defendants have knowingly induced infringement in the United States by offering to sell and/or selling goods infringing one or more of the patents in suit to its or his customers, with knowledge of one or more of Plaintiff's patents and that the foreign Defendant's goods infringe one or more of Plaintiff's patents, and with knowledge and/or willful blindness to the fact that its or his products will be imported into and offered for sale, sold and/or used in the United States by others. Further, each

foreign Defendant's infringement that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in the United States, a result that was reasonably foreseeable to each foreign Defendant at the time each committed its misconduct.

### C.    General Jurisdiction.

26.    Personal jurisdiction over the United States Defendants is also proper under principles of general jurisdiction in that these Defendants either reside in this state and district and/or have regularly and purposefully conducted business in New Jersey and this district.

27.    Personal jurisdiction over the foreign Defendants is also proper under principles of general jurisdiction in that, upon information and belief, the foreign Defendants have regularly and purposefully conducted business in the United States.

28.    Pursuant to 28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial district and the joinder of such a Defendant shall be disregarded in determining whether the action may be brought with respect to the other Defendants.

### D.    Venue.

29.    Venue also properly lies in this district pursuant to 28 U.S.C. §

1400(b) because each Defendant either resides in this district and/or has committed

acts of infringement in this district.

30.     Venue also properly lies in this district under 28 U.S.C. § 1391(b) (2)

and/or (3) because either a substantial part of the events or omissions giving rise to

the claims recited below, or a substantial part of the property that is the subject of

the action is in this district, or there is no district in which the action may otherwise

be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction

over at least one Defendant.

31.     Venue is proper in this district over the foreign corporations pursuant

to 28 U.S.C. § 1391 (c) (3) in that an alien may be sued in any judicial district and

the joinder of such a Defendant shall be disregarded in determining whether the

action may be brought with respect to the other Defendants.

## 4.     JOINDER PURSUANT TO 35 U.S.C. § 299

32.     Joinder is proper under 35 U.S.C. § 299.

33.     Joinder is proper and in accordance with 35 U.S.C. § 299(a) because

(1) Plaintiff is asserting his right to relief from the Defendants' unlawful patent

infringement against the Defendants jointly, severally, or in the alternative with

respect to or arising out of the same series of transactions or occurrences relating to

the using, importing into the United States, offering for sale, or selling the same

solar-powered garden light that infringes one or more of the patents in suit and (2) questions of fact related to Defendants' unlawful patent infringement and common to all Defendants will arise in this action.

34.    Upon information and belief, the aforementioned solar-powered garden light is the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendant is being repeatedly produced by a common Chinese-located manufacturer.

35.    Upon information and belief, the aforementioned same solar-powered garden lights are also the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendants are the same in all respects pertinent to at least the '477, '827 and '700 Color-Changing Patents and the facts underlying the claim of infringement asserted against each Defendant share an aggregate of operative facts that give rise to each cause of action, such that the same proof of infringement as to any one Defendant's solar-powered garden light will also prove infringement of the other Defendants' solar-powered garden lights.  In particular, upon information and belief, the acts of infringement occurred during the same time period, the Defendants are related as at least supplier-customer, the Defendants use identically sourced components, there is an overlap of the products' development and

manufacture in that the Defendants copied one another's products, and that this

case involves a claim for lost profits.

36.    As to the foreign Defendants, joinder is also proper in that, pursuant to

28 U.S.C. § 1391 (c) (3), an alien may be sued in any judicial district and the

joinder of such a Defendant shall be disregarded in determining where the action

may be brought with respect to the other Defendants.

## 5.    FACTUAL BACKGROUND – PATENTS IN SUIT

37.    For many years, Richmond has engaged in the development,

manufacture, and sale of solar-powered garden lighting. Richmond has taken steps

to protect his innovative inventions and designs. In particular, Richmond owns

United States United States utility and design patents relating to his solar garden

lights.

38.    Richmond is the inventor and owner of all right, title, and interest to

the United States patent number 7,196,477 A1, entitled "Solar Powered Light

Assembly to Produce Light of Varying Colors," ("the '477 Color-Changing

Patent"), which duly and legally issued to Richmond on March 27, 2007.

39.    Richmond is the inventor and owner of all right, title, and interest to

the United States patent number 7,429,827 A1, entitled "Solar Powered Light

Assembly to Produce Light of Varying Colors," ("the '827 Color-Changing

Patent"), which duly and legally issued to Richmond on September 30, 2008.

40.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,362,700 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("the '700 Color-Changing Patent"), which duly and legally issued to Richmond on January 29, 2013.

41.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,336,157 A1, entitled "Illuminated Wind Indicator," ("the '157 Wind Chime Patent"), which duly and legally issued to Richmond on February 26, 2008.

42.     Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,077,052 A1,entitled "Illuminated Wind Indicator," ("the '052 Wind Chime Patent"), which duly and legally issued to Richmond on December 13, 2011.

43.     At all times relevant to this action, Richmond has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the Patents in Suit.

## 6.     COUNT NO. 1 – INFRINGEMENT OF PLAINTIFF'S PATENTS

### A.     Same Accused Product Infringement by All Defendants.

44.     Upon information and belief, each defendant infringes and/or has infringed one or more claims of Plaintiff's '477, '827 and '700 Color-Changing

Patents by making, using, selling, offering to sell, and/or importing, the same solar-powered garden light generally described as a Color-Changing Ball Solar Stake Path Light and/or by knowingly inducing others to do so.

45.    Upon information and belief, Target sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation 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 Solar Stakelight Clear - Crackleball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

46.    Upon information and belief, Creative Industries sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Target 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 Solar Stakelight Clear – Crackleball and/or the designation Crackle Ball, Model 49033-900AS, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

47.    Upon information and belief, Arrett sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

48.    Upon information and belief, Do it Best sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of

Plaintiff's '477, '827 and '700 Color-Changing Patents, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

49.    Upon information and belief, Hayneedle sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

50.    Upon information and belief, Outsourcing sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Solar Glass Clear Crackle Ball Color Change Garden Stake Light, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

51.    Upon information and belief, BBB sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

52.    Upon information and belief, SmartHome sells and/or has sold the Color-Changing Ball Solar Stake Path Light under the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

53.    Upon information and belief, Winchance has manufactured for import

into the United States, imported, sold, offered for sale, the Color-Changing Ball Solar Stake Path Light to the other Defendants and others in the United States, under one or more designations, including the designation Moonrays 99924 Color Changing Solar Glass Ball, which infringes one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, into the United States, directly or through others, with knowledge of, or willful blindness to the infringement and, as such, has infringed and is infringing Plaintiff's '477, '827 and '700 Color-Changing Patents directly and/or by inducement.

**B.    Additional Infringement By Defendants.**

54.    Upon information and belief, Target also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, and Plaintiffs '370 Framed Patent, including but not limited to its model Moonrays® Solar Powered Planter Light - Dragonfly (online).

55.    Upon information and belief, Creative Industries also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

56.    Upon information and belief, Arrett also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more

claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, and Plaintiffs '370 Framed Patent, including but not limited to its model Regal Art & Gift Solar Bubble Stake Dragonfly R27 10327.

57.    Upon information and belief, Do it Best also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents.

58.    Upon information and belief, Hayneedle also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, and Plaintiffs '370 Framed Patent, including but not limited to its model HN-ALP499 Alpine Corporation : Sun Solar Stake.

59.    Upon information and belief, Hayneedle also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more claims of Plaintiff's '157 Wind Chime Patent, including but not limited to its HN-FPO001 Flipo 22 Inch Illuminated Solar Wind Chime; and Plaintiff's '052 Wind Chime Patent, including but not limited to its WNC002 26 Inch Solar Wind Chime with Acorn – White.

60.    Upon information and belief, Outsourcing also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or

more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, including but not limited to its model Solar Wholesale Bronze Wire Glass Ball Frog Solar Light Garden Stake.

61.    Upon information and belief, BBB also sells and/or has sold one or more models of solar-powered garden lights which infringe one or more claims of Plaintiff's '477, '827 and '700 Color-Changing Patents, and Plaintiffs '370 Framed Patent, including but not limited to its Solar Sun & Moon Mini Planter Light Set.

62.    Upon information and belief, BBB also has sold one or more other models of solar-powered garden lights which infringe one or more claims of Plaintiff's '157 Patent,  including but not limited to its Copper Solar Lighted Wind Chime, and may resume doing so.

63.    Upon information and belief, SmartHome also sells and/or has sold one or more other models of solar-powered garden lights which infringe one or more claims of '477, '827 and '700.

64.    Upon information and belief, Winchance has manufactured for import into the United States, imported, sold, offered for sale, the Color-Changing Ball Solar Stake Path Light to the other Defendants and others in the United States, one or more other models of solar-powered garden lights which infringe one or more claims of '477, '827 and '700.

65.    Plaintiff has been damaged as a result of Defendants' infringing activities and will continue to be damaged unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty.

66.    Plaintiff will be irreparably harmed if Defendants' patent infringement continues.  Plaintiff relies upon his for protection of his business' intellectual property and the rampant infringement of his patents by Defendants robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendants, their directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

## 7.    WILLFULNESS OF THE INFRINGEMENT

67.    As a result of Richmond's activities, Defendant Winchance is believed to have long had knowledge of at least Plaintiff's '477 and '827 Color Changing Patents and that one or more of their products infringe one or more

claims of those patents.  As such, its infringement of Plaintiff's '477 and '827

Color Changing Patents is deliberate and willful.  The allegations and factual

contentions set forth in this paragraph are likely to have evidentiary support after a

reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P.

11(b)(3).

## 8.    JURY DEMAND

68.    Plaintiffs hereby demand a trial by jury, pursuant to Fed. R. Civ. Proc.

38(b), for all issues so triable.

## 9.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting

Plaintiffs the following relief:

a.    For the utility Patents-in-Suit, awarding Plaintiff his damages

adequate to compensate for Defendants' infringement of Plaintiff's Patents,

including, inter alia, lost profits and/or a reasonable royalty;

b.    Awarding treble of the damages and/or reasonable royalty, and

that those damages be trebled on account of the willful nature of the infringement,

pursuant to 35 U.S.C. § 284, for those Defendants against whom willfulness is

alleged;

c.    Declaring this case to be exceptional under 35 U.S.C. §285 and

awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this action;

        d.      Enjoining Defendants from infringing Plaintiff's Patents; and

        e.      Awarding Plaintiff such further and other relief as the Court

deems just and equitable.

Respectfully submitted,

/s/ Lawrence C. Hersh
Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey 07070
Tel: (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com
Attorneys for Plaintiff
Simon Nicholas Richmond

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com