NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1944 (MLC) |
| **Plaintiff,** | : | |
| v. | : | |
| **LUMISOL ELECTRICAL, LTD., et al.,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1951 (MLC) |
| **Plaintiff,** | : | |
| v. | : | |
| **WINCHANCE SOLAR FUJIAN TECHNOLOGY CO. LTD., et al.,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1953 (MLC) |
| **Plaintiff,** | : | |
| v. | : | |
| **JIAWEI NORTH AMERICA INC., et al.,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1954 (MLC) |
| Plaintiff, | : | |
| v. | : | |
| **WINCHANCE SOLAR FUJIAN TECHNOLOGY CO. LTD., et al.,** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SIMON NICHOLAS RICHMOND,** | : | Civil Action No. 13-1959 (MLC) |
| Plaintiff, | : | |
| v. | : | |
| **WINCHANCE SOLAR FUJIAN TECHNOLOGY CO. LTD., et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

**ARPERT, Magistrate Judge**

This matter comes before the Court on the Motions to Sever and Stay filed by various Defendants in multiple actions initiated by Plaintiff Simon Nicholas Richmond ("Richmond"). See Case No. 13-cv-1944 [dkt nos. 51, 52, and 53]; Case No. 13-cv-1951 [dkt. nos. 164, 165, 166, 167, and 168]; Case No. 13-cv-1953 [dkt. no. 71]; Case No. 13-cv-1954 [dkt. no. 74]; Case No. 13-cv-1959 [dkt. no. 103]. Plaintiff Simon Nicholas Richmond ("Richmond") opposed these

Motions.  See Case No. 13-cv-1944 [dkt. no. 59]; Case No. 13-cv-1951 [dkt. no. 175].

Defendant Coleman Cable, Inc. ("Coleman") also filed related Motions to Strike the Declarations filed by Richmond in support of his Opposition to the Motions to Sever and Stay Claims.  See Case No. 13-cv-1951 [dkt. no. 183]; Case No. 13-cv-1953 [dkt. no. 85]; Case No. 13-cv-1954 [dkt. no. 86]; Case No. 13-cv-1959 [dkt. no. 112].  Richmond opposed these motions as well.  See Case No. 13-cv-1951 [dkt. no. 193]; Case No. 13-cv-1953 [dkt. no. 87]; Case No. 13-cv-1954 [dkt. no. 87]; Case No. 13-cv-1959 [dkt. no. 113].  The Court heard oral argument on January 16, 2014 and has fully considered the papers submitted.  For the reasons specified below, Defendants' Motions to Sever and Stay are **DENIED**, without prejudice.  Moreover, Coleman's Motions to Strike Richmond's Declarations are **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts and procedural history of this case are known to the parties and need not be recited here at length.  Briefly, Richmond has filed twelve separate lawsuits against various participants in the solar-powered garden light product industry.  In these lawsuits, Richmond contends that various manufacturers, importers, suppliers, and retailers of the accused products have infringed one or more of his patents.

Coleman, a manufacturer of some of the accused products, filed the pending Motions to Sever and Stay, seeking separation from what it believes are downstream suppliers and retailers, or "peripheral defendants."  The following Defendants have joined some or all of Coleman's Motions to Sever and Stay:

- Defendants True Value Retail, Inc. and True Value Company (collectively "True Value"), Outsourcing in Asia, LLC ("Outsourcing"), CVS Caremark Corporation and Caremark, PHC LLC (collectively "CVS"), Ace Hardware Corporation ("Ace"), Lowes Home Centers, Inc. and Lowe's Companies, Inc. (collectively "Lowe's"), Rite Aid Corporation ("Rite Aid"); and Walgreen Co. ("Walgreens") joined the Motions to Sever and Stay filed by Coleman in Case No. 13-cv-1951 [dkt. no. 164]; Case No. 13-cv-1953

3

[dkt. no. 71]; Case No. 13-cv-1954 [dkt. no. 74]; and Case No. 13-cv-1959 [dkt. no. 103]. See Case No. 13-cv-1944 (dkt. no. 51).

- Defendants Lumisol Electrical Ltd. ("Lumisol"), Ethan Group, Ltd., Ethan Group, Inc. (collectively "Ethan Group"), Epoch Hometex, Inc. ("Epoch"), Robert Kang ("Kang"), Costco Wholesale Corporation ("Costco"), and Costco Wholesale Membership, Inc. ("Costco Membership") joined Coleman's Motions to Sever and Stay Claims filed in Case No. 13-cv-1951 [dkt. no. 164]. See Case No. 13-cv-1944 [dkt. no. 52].

- Defendants Creative Industries, LLC ("Creative LLC"), Creative Industries, Ltd. ("Creative Ltd."), and Target Corporation ("Target") joined the Motions to Sever and Stay filed by Coleman in Case No. 13-cv-1951 [dkt. no. 164], Case No. 13-cv-1953 [dkt. no. 71], Case No. 13-cv-1954 [dkt. no. 74], and Case No. 13-cv-1959 [dkt. no. 103]. See Case No. 13-cv-1944 [dkt. no. 53].

- Defendants Wayfair, LLC and Wayfair, Inc. (collectively "Wayfair") joined the Motion to Sever and Stay filed by Coleman in Case No. 13-cv-1951 [dkt. no. 164]. See Case No. 13-cv-1951 [dkt. no. 166].

- Defendants Harbor Freight Tools USA, Inc. and Central Purchasing, LLC (collectively "Harbor Freight") joined the Motion to Sever and Stay filed by Coleman in Case No. 13-cv-1951 [dkt. no. 164]. See Case No. 13-cv-1951 [dkt. no. 167].

- Defendant Unbeatablesale.com joined in the Motion to Sever and Stay filed by Coleman in Case No. 13-cv-1951 [dkt. no. 164]. See Case No. 13-cv-1951 [dkt. no. 168].

Richmond filed one Brief in Opposition to these Motions to Stay. See Case No. 13-cv-1944 [dkt. no. 59]; Case No. 13-cv-1951 [dkt. no. 175].

Richmond relies on several Declarations in its Opposition to Defendants' Motions to Stay. In separate Motions, Coleman moves to Strike these Declarations. See Case No. 13-cv-1951 [dkt. no. 183]; Case No. 13-cv-1953 [dkt. no. 85]; Case No. 13-cv-1954 [dkt. no. 86]; Case No. 13-cv-1959 [dkt. no. 112]. The Court will consider this issue here as well.

## II. LEGAL STANDARDS

The America Invents Act ("AIA") sets forth the appropriate scope of joinder in patent infringement cases. Specifically, 35 U.S.C. §299 provides:

> (a) Joinder of accused infringers – With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused

4

infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, ***only if*** –

(1) Any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or ***arising out of the same transaction, occurrence, or series of transactions or occurrences*** relating to the making, using, importing into the United States, offering for sale or selling of the ***same accused product or process***; and

(2) Questions of fact common to all defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

(b) Allegations insufficient for joinder – For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

Thus, a plaintiff may only join defendants that are accused of participating in the "same transaction or series of transactions" and involve the infringement of a "same accused product."

If the "same product" and "same transaction" standards are satisfied, however, a plaintiff may join "as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). In other words, a plaintiff's assertion of alternative claims against otherwise properly joined defendants—potentially involving different products or transactions—does not necessitate a finding of misjoinder.

In the event of a misjoinder, or even at its own discretion, "the court may at any time, on just terms, add or drop a party. The court may also sever a claim against a party." FED. R. CIV. P. 21. Indeed, courts have "broad discretion whether to sever a claim under Rule 21 . . . ." Oplus Tech., Ltd. v. Sears Holding Corp., 2012 WL 2400478, *3 (N.D. Ill. June 21, 2012). When ruling on a motion to stay proceedings, courts consider the following: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will

5

simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." Id. at p. 2 (citations omitted).

**III.    DISCUSSION**

The Court confronts two issues in the pending Motions.  First, Defendants argue that Richmond's claims against "peripheral defendants" should be severed and stayed.  Second, Defendants argue that Richmond's Declarations in support of its Opposition are procedurally defective.  The Court will consider each of these issues in turn.

    **A.    Motion to Sever and Stay**

According to Defendants, Richmond's joinder scheme violates both the "same product" and "same transaction or series of transactions" requirements set forth in the AIA.  Thus, Defendants argue that the claims against "peripheral defendants" should be severed and stayed. In response, Richmond contends that its joinder of Defendants was proper under the AIA, and that the retailer defendants are not "peripheral", as Defendants assert.  Moreover, Richmond argues that Rule 18 permits the assertion of additional infringement claims against properly joined Defendants.

        **1.    Same Product or Process**

Defendants maintain that Richmond failed to plead that the same products or same processes exist between them, as required under §299(a)(1).  According to Defendants, a review of the Amended Complaints demonstrates that Richmond is "suing numerous manufacturers, distributors and retailers for their sales of many different products." See Coleman's Brief, Case No. 13-cv-1951, dkt. no. 164, at p. 17.  Defendants take issue with Richmond's assertion that the accused solar-powered garden lights "are the same in all respects pertinent to at least Plaintiff's '477, '827, and '700 Color-Changing Patents", since these patents alone contain "111 claims that

could be at issue in the litigation . . . ." Id. at pp. 17-18. Moreover, Defendants argue that that labels Richmond uses for its "same products" are deceptively broad. For example, Defendants contend that the "same accused product" of "Color-Changing Sun and Moon Solar Stake Path Light" actually "refers to different products that have different names and are sourced by different suppliers." See Lumisol's Reply Brief, Case No. 13-cv-1944, dkt. no. 84, at p. 1.

Richmond responds that in each of his lawsuits, every defendant infringes with respect to a "same accused product", as required by § 299(a). Richmond set forth the "same product" for each matter as follows:

- **Case No. 13-cv-1951:** "A Color-Changing Dragonfly Solar Stake Path Light." See First Am. Compl. ¶¶ 73-90.

- **Case No. 13-cv-1953:** "A Color-Changing Ball Solar Stake Path Light." See First Am. Compl. ¶¶ 48-53.

- **Case No. 13-cv-1954:** "A Color-Changing Ball Solar Stake Path Light." See First Am. Compl. ¶¶ 55-66.

- **Case No. 13-cv-1959:** "A Solar Light Having a Ribbed Cap Design." See First Am. Compl. ¶¶ 41-61.

- **Case No. 13-cv-1944:** "A Color Changing Sun and Moon Solar Stake Path Light." See First Am. Compl. ¶¶ 43-49.

See Richmond's Brief at p. 9. According to Richmond, the same accused product in each case "is the same between and among the Defendants because, regardless of brand name or model numbers, the solar-powered garden lights of each Defendant is being repeatedly produced by a common Chinese-located manufacturer." Id.

The Court finds that Richmond has satisfied the "same accused product or process" requirement for purposes of § 299. Both in his pleadings and in his Opposition papers, Richmond has explicitly set forth a "same accused product" for each defendant in every case

involved in the present Motions. See Richmond's Brief, at p. 9. Defendants' arguments are misplaced. The fact that other products are asserted is not dispositive. For purposes of joinder, Richmond must assert one same product or process that applies to all Defendants. Nothing in §299 prohibits Plaintiff from joining additional related claims against properly joined Defendants pursuant to Rule 18. The Court also rejects Defendants' contention that the "same accused products" asserted by Richmond encompass more than one product, as this argument involves a premature factual investigation. At this stage of the litigation, the Court elects to view Plaintiff's pleadings with more deference. If it later becomes apparent that the "same accused product" encompasses different products such that joinder is improper under §299, Defendants may be entitled to raise the issue at that time.

    **2.      Same Transaction or Series of Transactions**

The AIA also requires that a plaintiff's asserted right to relief against each defendant arises out of "the same transaction, occurrence, or series of transactions or occurrences." 35 U.S.C. § 299(a)(1). As noted by the Federal Circuit, "[t]o be part of the same transaction requires shared, overlapping facts that give rise to each cause of action, not just distinct albeit coincidentally identical facts." In re EMC, Corp., 677 F. 3d 1351, 1359 (Fed. Cir. 2012). Thus, the defendants' allegedly infringing acts "must share an aggregate of operative facts." Id. at 1358. In analyzing this standard, courts consider the following factual considerations:

1. Whether the alleged acts of infringement occurred during the same time period;

2. The existence of some relationship among the defendants;

3. The use of identically sourced components;

4. Licensing or technology agreements between the defendants;

5. Overlap of the products' or processes' development and manufacture; and

      6. Whether the case involves a claim for lost profits.

Id. at 1359-60.

Defendants argue that Richmond has failed to set forth "allegations of relationships between Coleman and any of the other Defendants, much less concerted infringing action by and between Coleman and any of the other Defendants." See Coleman's Brief, Case No. 13-cv-1951, dkt. no. 164, at p. 20. In addition, Defendants contend that a supplier-customer relationship among certain Defendants is insufficient to meet the "same transaction" requirement under § 299. Id. at 20-21. Moreover, Defendants maintain that Richmond's allegation of a "common Chinese-located manufacturer" to support joinder lacks a factual basis. Id. at p. 19. According to Coleman, Richmond's "supposition that there is currently one common manufacturer for the subject products is false." Id.

In his Opposition, Richmond maintains that the Defendants satisfy the "transaction or occurrence" requirement, because there is an "aggregate of operative facts" between Defendants' allegedly infringing acts. See Richmond's Brief, at p. 5. Namely, Richmond asserts the alleged same product in each case is sourced from a common Chinese-located manufacturer, and that "many defendants offer infringing products under their own private label brand, showing that each is responsible for and knowledgeable in the products sold by that defendant." Id. at p. 2. Richmond responded to Defendants' arguments concerning the factual foundation for the asserted "common Chinese-located manufacturer." First, Richmond maintains that Defendants improperly seek a factual inquiry at the initial pleading stage. Id. at p. 10. Second, Richmond notes that Coleman misreads the pleadings as saying that the Defendants have only one manufacturer, when in actuality Richmond alleged that the defendants in each case have at least one common manufacturer. Id. In sum, Richmond argues that the joinder of Defendants is

proper under § 299, because the products are sourced by a common manufacturer, several defendants sell under private label, and each case involves claims for lost profits. Id. at pp. 12-13.

The Court finds that Richmond has adequately demonstrated a "same transaction or series of transactions" based on his pleadings. At this time, the Court declines to investigate the veracity of Plaintiff's factual allegations concerning the common Chinese manufacturer and the private labelling of the accused products by certain retailer defendants. As pled, the Court is satisfied that Richmond complied with the joinder requirements of the AIA. If it later becomes apparent that the allegations supporting the "same transaction" requirement lack foundation, Defendants may be entitled to raise the issue at that time.

3. **Conclusion**

The Court finds that Richmond has satisfied the "same product" and "same transaction" requirements of § 299 at this point of the litigation. Accordingly, the joinder of Defendants in the above cases is not improper. While this conclusion is enough to determine the pending Motions to Sever and Stay, the Court also notes that none of the moving Defendants agreed to be bound by any decision against Coleman. In addition, it does not appear that staying claims against certain Defendants, while allowing others to proceed, would increase judicial efficiency. Indeed, it would likely produce the opposite effect. Accordingly, the Motions to Sever and Stay are denied, without prejudice.

B. **Motions to Strike Declarations**

Defendant Coleman Cable, Inc. ("Coleman") also filed related Motions to Strike the Declarations filed by Richmond in support of its Opposition to the Motions to Sever and Stay Claims. See Case No. 13-cv-1951 [dkt. no. 183]; Case No. 13-cv-1953 [dkt. no. 85]; Case No. 13-cv-1954 [dkt. no. 86]; Case No. 13-cv-1959 [dkt. no. 112]. After reviewing the parties'

submissions, these Motions are denied.

As an initial matter, it appears that Coleman's Motions were procedurally defective. Under L. Civ. R. 7.1(i), only the party opposing the original motion may file a cross-motion. Moreover, the Court rejects Coleman's arguments concerning the substance of Richmond's Declarations. Most importantly, the Declarations appear to have been based on personal knowledge and perception. See Richmond's Opposition, Case No. 13-cv-1951, dkt. no. 193, at p. 11. Finally, the Court has only considered factual representations contained in Richmond's Declarations. Accordingly, Coleman's Motions to Strike are denied.

## IV. CONCLUSION & ORDER

The Court has considered the argument of counsel as well as the papers submitted and, for the reasons set forth above;

**IT IS** this 31th day of January, 2014,

**ORDERED** the Motions to Sever and Stay are **DENIED**, without prejudice; and it is further

**ORDERED** that the Motions to Strike Declarations are **DENIED**.

**s/ Douglas E. Arpert**
**DOUGLAS E. ARPERT, U.S.M.J.**