Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey 07070
Tel: (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com

*Attorneys for Plaintiff Simon Nicholas Richmond*

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMON NICHOLAS RICHMOND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ZHUHAI SUPER BRIGHT NEW ENERGY LTD.** )<br>)<br>Defendant. )<br>\_\_) | Civil Action No.<br>3:13-cv-1954-<br>MLC-DEA |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his claims against Defendant Zhuhai Super Bright New Energy Ltd., ("Zhuhai Super Bright" or "Defendant") makes and files this Complaint and alleges as follows:

### 1.    STATEMENT OF RELATED CASES AND PRIOR PROCEEDINGS

The allegations contained in this Complaint against Defendant were originally filed in *Simon Nicholas Richmond v. Zhuhai Super Bright New Energy Ltd., et al.*, 13-cv-1954 (MLC-DEA). In an Order dated July 3, 2014, the claims against Defendant Zhuhai Super Bright were severed, and Plaintiff was ordered to file a severed complaint against each individual defendant in Case No. 13-cv-1954 (MLC-DEA) by August 1, 2014. (Case No. 13-cv-1944, Dkt. 122, p.10). Accordingly, Plaintiff herein submits the Second Amendend Complaint.

### 2.    THE PARTIES

**A.    Plaintiff Richmond.**

**1.**    Plaintiff Richmond is an individual and a resident of New Jersey.

**B.    Defendant.**

2.    Zhuhai Super Bright New Energy Ltd. (Zhuhai Super Bright) is a corporation organized and existing under the laws of China, having a principal

2

place of business at No. 9, Xingwan 6th Road, Hongwan Commerce & Logistics Center, Zhuhai, Guangdong, China.  Zhuhai Super Bright may be served through its agent for service of process at pursuant to the Hague Convention.

3.    Service of the prior Original and First Amended Complaints in Case No. 13-cv-1954 (MLC-DEA) is in the process of being served on Defendant, pursuant to the Hague Convention.

## 3.    SUBJECT MATTER JURISDICTION

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## 4.    PERSONAL JURISDICTION AND VENUE

### A.    General.

5.    Personal jurisdiction over Defendant is proper pursuant to New Jersey Long-Arm Statute, N.J. CT. R. 4:4-4 and principles of due process.

6.    Zhuhai Super Bright has sufficient minimum contacts with New Jersey and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

**B.     Specific Jurisdiction.**

7.     Personal jurisdiction over Defendant is proper under principles of specific jurisdiction.

8.     Upon information and belief, Defendant has transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, has committed direct infringement in this state and district by importing, exposing for sale, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to customer(s) in this state.

9.     Upon information and belief, Defendant has transacted and solicited business in New Jersey related to the subject matter of the claims alleged herein and, upon information and belief, has committed acts of direct infringement in the United States and/or has knowingly acted with an intent to induce infringement by others, as detailed below.

10.     Upon information and belief, Defendant has knowingly induced infringement in the United States, and New Jersey, of its customer(s) by offering to sell and/or selling goods that infringe one or more of the Patents-in-Suit (as detailed in the Counts below), with specific knowledge of Plaintiff's applicable

patent(s), and with a specific intent and/or willful blindness to the fact that their infringing products will be imported into and offered for sale, sold and/or used in the United States, and New Jersey, by their customers.

11.    The infringement by Defendant that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and this district, a result that was reasonably foreseeable to Defendant at the time Defendant committed its misconduct.

**C.    General Jurisdiction.**

12.    Personal jurisdiction over Defendant is also proper under principles of general jurisdiction in that each United States Defendant either resides in this state and district and/or has regularly and purposefully conducted business in New Jersey and this district.

13.    Personal jurisdiction over the Defendant is also proper under principles of general jurisdiction in that, upon information and belief, Defendant has regularly and purposefully conducted business in the United States, and pursuant to 28 U.S.C. § 1391 (c)(3), an alien may be sued in any judicial district.

**D.    Venue.**

14.    Venue also properly lies in this district pursuant to 28 U.S.C. §

1400(b) because Defendant has committed acts of infringement in this district.

15.    Venue also properly lies in this district under 28 U.S.C. § 1391(b)(2) and/or (3) because, upon information and belief, either a substantial part of the events or omissions giving rise to the claims recited below occurred in this district, or a substantial part of the property that is the subject of the action is in this district, or because there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over Defendant.

16.    Venue also properly lies in this district over Defendant pursuant to 28 U.S.C. § 1391(c)(3) in that an alien may be sued in any judicial district.

## 5. FACTUAL BACKGROUND

### A. Plaintiff's Patents-in-Suit

17.    For many years, Richmond has engaged in the development, manufacture, and sale of solar-powered garden lighting. Richmond has taken steps to protect his innovative inventions and designs. In particular, Richmond owns United States utility and design patents relating to his solar-powered garden lights.

18.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,196,477 A1, entitled "Solar Powered Light

Assembly to Produce Light of Varying Colors," ("'477 Color-Changing Patent"), which duly and legally issued to Richmond on 3/27/2007.

19.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,429,827 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors,"  ("'827 Color-Changing Patent"), which duly and legally issued to Richmond on 9/30/2008.

20.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,362,700 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("'700 Color-Changing Patent"), which duly and legally issued to Richmond on 1/29/2013.

21.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,089,370 A1, entitled "Illuminated Wind Indicator," ("'370 Framed Patent"), which duly and legally issued to Richmond on 1/3/2012.

22.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,336,157 A1, entitled "Illuminated Wind Indicator" ("'157 Wind Chime Patent"), which duly and legally issued to Richmond on 26-Feb-08.

23.      Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,077,052 A1, entitled "Illuminated Wind Indicator," ("'052 Wind Chime Patent"), which duly and legally issued to Richmond on 12/13/2011.

24.      Plaintiff's '477 Patent is valid and enforceable.

25.      Plaintiff's '827 Patent is valid and enforceable.

26.      Plaintiff's '700 Patent is valid and enforceable.

27.      Plaintiff's '370 Patent is valid and enforceable.

28.      Plaintiff's '157 Patent is valid and enforceable.

29.      Plaintiff's '052 Patent is valid and enforceable.

30.      On November 3, 2011, United States Patent Publication No. US 2011/0266953 A1 (the "'953 Published Application") was published.  A copy of the '953 Published Application may be obtained for free from the official United States Patent and Trademark website, uspto.gov.  The invention as claimed in the '700 Patent is substantially identical to the invention as claimed in the '953 Published Application.

31.      On November 3, 2009, United States Patent Publication No. US 2009/0322495 A1 (the "'495 Published Framed Application") was published. A

copy of the '495 Published Framed Application may be obtained for free from the official United States Patent and Trademark website, uspto.gov. The invention as claimed in the '370 Patent is substantially identical to the invention as claimed in the '495 Published Application.

32.    Richmond continues to engage in the development and sale of solar-powered garden lighting and continues to take steps to protect his innovative inventions and designs and in this regard has applied for additional patent protection for his inventions. For example, on March 29, 2012, United States Patent Publication No. US 2012/0075104 A1 (the "'104 Published Application") was published, and on April 5, 2012, United States Patent Publication No. US 2012/0081888 A1 (the "'888 Published Application") was published. Copies of the '104 and '888 Published Applications may be obtained for free from the official United States Patent and Trademark website, uspto.gov.

33.    At all times relevant to this action, Richmond has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the Patents-in-Suit.

**B.    Facts relevant to Defendant**

34.    The domain name www.doremisolar.com has been registered since 2004 to Zhuhai Super Bright New Energy Ltd.

35.     The webpage www.doremisolar.com contains a "DOREMI" symbol in the top left corner and states "Welcome to Zhuhai Super Bright New Energy Limited."

36.     The "about us" webpage states that "Welcome to Zhuhai Super Bright New Energy Limited" and that "DOREMI has gained stable business from many leading retailers and became a reliable partner to them, such as Home Depot, Walmart, COSTCO, CTC, ACE Hardware, …"

37.     Both Zhuhai Doremi and Zhuhai Super Bright share a common email address of "sales@doremisolar.com" on their promotions.

38.     Defendant has imported, sold, exposed for sale or offered for sale accused solar lighting products to at-least to one or more of the named defendants in the cases consolidated under Case No. 13-cv-1944 (D.N.J.).

39.     Defendant has imported, sold, exposed for sale or offered for sale accused solar lighting products to customers located in the United States that are not named defendants in the cases consolidated under Case No. 13-cv-1944 (D.N.J.).

40.     Since issuance of one or more of the foregoing Richmond patents, Defendant has or has been importing, exposing for sale, offering for sale, or selling

the following products:

    a) DR-0400 Copper finish

    b) Gardener's Supply Catalog item # 36-850 Northern Lights Sphere light

    c) Moonrays 99924 Color Changing Solar Glass Ball

    d) Solar Lighted Wind Chime sold to Wind & Weather catalog

## 6.   INFRINGEMENT OF PLAINTIFF'S PATENTS

### Count 1 – Zhuhai Super Bright's Direct Infringement of '477 Patent

41.   The allegations of Paragraphs 1-40 are incorporated by reference as if fully set forth again herein.

42.   Zhuhai Super Bright has notice of Plaintiff's rights in the '477 Patent.

43.   Upon information and belief, Zhuhai Super Bright directly infringes, and has infringed, Plaintiff's '477 Color-Changing Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe '477 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

    a) Gardener's Supply Catalog item # 36-850 Northern Lights Sphere light

b) Moonrays 99924 Color Changing Solar Glass Ball.

44.     Upon information and belief, Zhuhai Super Bright has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '477 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 2 – Zhuhai Super Bright's Direct Infringement of '827 Patent**

45.     The allegations of Paragraphs 1-44 are incorporated by reference as if fully set forth again herein.

46.     Zhuhai Super Bright has notice of Plaintiff's rights in the '827 Patent.

47.     Upon information and belief, Zhuhai Super Bright directly infringes, and has infringed, Plaintiff's '827 Color-Changing Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '827 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

a) Gardener's Supply Catalog item # 36-850 Northern Lights Sphere light

b) Moonrays 99924 Color Changing Solar Glass Ball.

48.     Upon information and belief, Zhuhai Super Bright has and is

importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '827 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 3 – Zhuhai Super Bright's Direct Infringement of '700 Patent**

49.     The allegations of Paragraphs 1-48 are incorporated by reference as if fully set forth again herein.

50.     Zhuhai Super Bright has notice of Plaintiff's rights in the '700 Patent.

51.     Upon information and belief, Zhuhai Super Bright directly infringes, and has infringed, Plaintiff's '700 Color-Changing Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '700 Patent.  Upon information and belief, those solar-powered garden lights include, at least, the following products:

> a) Gardener's Supply Catalog item # 36-850 Northern Lights Sphere light
>
> b) Moonrays 99924 Color Changing Solar Glass Ball.

52.     Upon information and belief, Zhuhai Super Bright has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '700 Color-Changing Patent and

will continue to do so unless restrained by this Court.

### Count 4 – Zhuhai Super Bright's Direct Infringement of '370 Patent

53.    The allegations of Paragraphs 1-52 are incorporated by reference as if fully set forth again herein.

54.    Zhuhai Super Bright has notice of Plaintiff's rights in the '370 Patent.

55.    Upon information and belief, Zhuhai Super Bright directly infringes, and has infringed, Plaintiff's '370 Framed Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '370 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

a)  DR-0400 Copper finish

b)  Solar Lighted Wind Chime sold to Wind & Weather catalog.

56.    Upon information and belief, Zhuhai Super Bright has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '370 Framed Patent and will continue to do so unless restrained by this Court.

### Count 5 – Zhuhai Super Bright's Direct Infringement of '157 Patent

57.    The allegations of Paragraphs 1-56 are incorporated by reference as if

fully set forth again herein.

58.     Zhuhai Super Bright has notice of Plaintiff's rights in the '157 Patent.

59.     Upon information and belief, Zhuhai Super Bright directly infringes, and has infringed, Plaintiff's '157 Wind Chime Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '157 Patent.  Upon information and belief, those solar-powered garden lights include, at least, the following products:

> a)  DR-0400 Copper finish

> b)  Solar Lighted Wind Chime sold to Wind & Weather catalog.

60.     Upon information and belief, Zhuhai Super Bright has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '157 Wind Chime Patent and will continue to do so unless restrained by this Court.

### Count 6 – Zhuhai Super Bright's Direct Infringement of '052 Patent

61.     The allegations of Paragraphs 1-60 are incorporated by reference as if fully set forth again herein.

62.     Zhuhai Super Bright has notice of Plaintiff's rights in the '052 Patent.

63.     Upon information and belief, Zhuhai Super Bright directly infringes,

and has infringed, Plaintiff's '052 Wind Chime Patent by, at-least, importing, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '052 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

      a) DR-0400 Copper finish

      b) Solar Lighted Wind Chime sold to Wind & Weather catalog.

64.    Upon information and belief, Zhuhai Super Bright has and is importing, exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '052 Wind Chime Patent and will continue to do so unless restrained by this Court.

### Count 7 – Zhuhai Super Bright's Inducement of Coleman Cable, LLC, Gardener's Supply Company, and PH International, LLC, d/b/a Wind and Weather's Infringement

65.    The allegations of Paragraphs 1-64 are incorporated by reference as if fully set forth again herein.

66.    Upon information and belief, Zhuhai Super Bright has had actual knowledge of Plaintiff's 7,196,477; 7,429,827; 8,362,700; 8,089,370; 7,336,157; and, 8,077,052 Patents, and knowledge that its solar-powered garden lights as accused of infringement earlier in this Complaint ("Accused Infringing Products")

16

would infringe Plaintiff's 7,196,477; 7,429,827; 8,362,700; 8,089,370; 7,336,157; and, 8,077,052 Patents if imported into, offered for sale or sold in the United States. Zhuhai Super Bright has had such knowledge of Plaintiff's Patents, as alleged in this Complaint and no later than on or about 12:00:00 AM, by means of service of the First Amended Complaint on Zhuhai Super Bright.

67.    Zhuhai Super Bright has an ongoing, intentional relationship with its customers, including at least Coleman Cable, LLC, Gardener's Supply Company, and PH International, LLC, d/b/a Wind and Weather, with the clear aim of inducing their nationwide distribution and sale in the United States. Upon information and belief, the quantity of purchase would indicate to Zhuhai Super Bright that its products would be shipped to all of its customers' retail stores, including Coleman Cable, LLC, Gardener's Supply Company, and PH International, LLC, d/b/a Wind and Weather's New Jersey stores, in accordance with Coleman Cable, LLC, Gardener's Supply Company, and PH International, LLC, d/b/a Wind and Weather's customary practice, something that is well known to Zhuhai Super Bright. Upon information and belief, Zhuhai Super Bright follows a similar practice with its other customers having retail stores in the United States. As such, Zhuhai Super Bright knew and intended, or was willfully blind to the fact

that its Accused Infringing Products would be imported into the United States, and then offered for sale and sold by its customers in the United States, including in New Jersey.

68.    Based upon the foregoing facts, and reasonable inferences therefrom, upon information and belief, Zhuhai Super Bright has, with knowledge of Plaintiff's 7,196,477; 7,429,827; 8,362,700; 8,089,370; 7,336,157; and, 8,077,052 Patents and specific intent to infringe, and/or willful blindness to the infringement, actively induced and is inducing infringement of Plaintiff's 7,196,477; 7,429,827; 8,362,700; 8,089,370; 7,336,157; and, 8,077,052 Patents by the direct infringement of its customers in the United States, including but not limited to, Coleman Cable, LLC, Gardener's Supply Company, and PH International, LLC, d/b/a Wind and Weather, and will continue to do so unless restrained by this Court.

## Count 8 – Willfulness of Zhuhai Super Bright's Infringement

69.    The allegations of Paragraphs 1-68 are incorporated by reference as if fully set forth again herein.

70.    Upon information and belief, Zhuhai Super Bright has had actual knowledge of Plaintiff's '477 and '827 Patents, and knowledge that its solar-powered garden lights as accused of infringement of these patents earlier in this

18

Complaint ("Accused Infringing Products") would infringe Plaintiff's '477 and '827 Patents if imported into, offered for sale or sold in the United States.

71.    As a result of Richmond's activities, Defendant is believed to have knowledge of Plaintiff's '477 and '827 Patents and knowledge that one or more of Zhuhai Super Bright' previously identified products infringe Richmond's 477 and '827 patents. Zhuhai Super Bright is believed to have had such knowledge long prior to the filing of Plaintiff's Original Complaint against Zhuhai Super Bright in Case No. 13-cv-1954 (D.N.J.).  As a result, Defendant's infringement of Plaintiff's 477 and '827 Patents is deliberate and willful.

72.    The allegations and factual contentions set forth in this Count are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b)(3).

### 7.    PLAINTIFF'S DAMAGES AND IRREPARABLE HARM

73.    Plaintiff has been damaged as a result of Defendant's infringing activities and will continue to be damaged unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement of Plaintiff's Patents, including, *inter alia*, lost profits and/or a reasonable royalty.

74.     Plaintiff will be irreparably harmed if Defendant's patent infringement continues.  Plaintiff relies upon his patents for protection of his business' intellectual property and the rampant infringement of his patents by Defendant robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendant, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

## 8.    JURY DEMAND

75.     Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. Proc. 38(b), for all issues so triable.

## 10.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting Plaintiff the following relief:

a.     Awarding Plaintiff his damages adequate to compensate for Defendant's infringement of Plaintiff's Patents, including, inter alia, lost profits

and/or a reasonable royalty;

      b.    Awarding treble of the damages and/or reasonable royalty on account of the willful nature of the infringement, pursuant to 35 U.S.C. § 284;

      c.    Declaring this case to be exceptional under 35 U.S.C. §285 and awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this action;

      d.    Enjoining Defendant from infringing Plaintiff's Patents; and

      e.    Awarding Plaintiff such further and other relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Lawrence C. Hersh
Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com
*Attorneys for Plaintiff*
*Simon Nicholas Richmond*

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087

Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com